McINNIS, Judge.
The only question presented here is the amount of the award that should be allowed plaintiff.
While directing traffic in front of St. John’s School on Jordan Street in Shreveport at about 7:45 a.m. August 19, 1951 he was struck down in the street by an automobile owned and being driven by Mrs. Glennie Perot as a result of which he was severely injured. He was 79 years old at the time. In original and supplemental petitions he describes his injuries as fractures to the left knee, leg and ankle, ruptures and lacerations of the ligaments, nerves, tendons and soft tissues of the left knee, requiring application of a circular plaster cast, severe concussion to his head and brain, injuring the meninges and other soft tissues of the brain which may be permanent, a large swelling and contusion on his forehead, affecting vision of his left eye and that the vitreous opacity and lenticular changes in his left .eye have been aggravated, and spots in the eye were not present prior to the injury. That he suffers fainting spells and pain in the thoracic region of his body, which he says is due to a heart condition brought about or aggravated by the accidental injury he sus-. tamed, and that his heart has been permanently injured.
He claims $908.98 for hospital and medical expenses, and' $35,000 for his injuries, including pain and suffering and loss of earning capacity. He prayed for. and secured an order for trial by jury. ■
Defendants answered admitting that plaintiff was struck by the automobile of defendant Mrs. Perot, through her negligence, and admitting that the policy of defendant Globe Indemnity ’Co. to Mrs. Perot was in force, but that it contained a limit of liability of $10,000 for death or injury to any one person in any one accident. The answer is a general denial as to the injuries and damages sustained by plaintiff.
*236 After trial the jury awarded plaintiff $8,630, made up of tfhe following items: ,
Hospital and medical expenses $1,000.00
Loss of wages due to accident $3,250.00
For pain and suffering and permanent injury $4,380.00
Total $8,630.00
After the judgment in accordance with the verdict of the jury was signed, defendants appealed suspensively.
Plaintiff answered the appeal, praying that' the award be increased to $18,817.88, the sum' of $10,000 to be in solido against both defendants, and $8,817.88 against Mrs. Perot.
There is little dispute as to the facts of this case. Plaintiff was 79 years old at the time he was injured. He was employed by the police 'department of Shreveport to direct traffic at schools and had been employed about eight years, and on Sunday he directed traffic at St. John’s Church on Jordan Street, where he was engaged in his duties at the time he was injured. On October 28, 1922 .he came to work for the K. C. S. Railroad. The record does not show how long he worked there, but when he left there he worked a short time as custodian of his church, and then worked at the court 'house in Shreveport until employed by the police department. His monthly pay at the time he was.injured was about $80 per month. He had been steadily employed and 'had suffered only one injury many years ago, a fracture of one of his arms.
According to the testimony of his children and his neighbors 'he was remarkably active for his age, and some of his neighbors thought he was not over 60 years old. In addition to his duties directing traffic ■he mowed his lawn and worked in the flower beds. His wife had been in ill health several years, and 'he waited on her, went to the store for groceries,- and was generally more active than would be expected of one of his age.
On July 11, 1950 he went to the office of Df. E. L. Wenk, whose specialty is Geriatrics, which is treatment of the aged, for examination and treatment. In answer to a question as to how plaintiff handled himself, his physical being and how 'he got around, the doctor said he was most remarkable, especially in view of the fact that he had hardening of the arteries and irregular heart beat, he still wanted to work. The doctor treated him and he responded well to the treatment.
When plaintiff was injured he sent for Dr. Wenk, who went to the hospital to see him, and found a large swollen and abrased area on the left side of his forehead; it was three centimeters (about one inch) high and ten centimeters in circumference, multiple 'abrasions and bruises about the body and on the back of the right hand, the left knee and left leg just above the ankle. After examining him and taking care of the head injury Dr. Wenk called Dr. T. M. Oxford, who found swelling and tenderness of the medial aspect of the left tibia, instability in the left tibia on the femur, swelling of the lower third of the fibula, a fracture of the fibula with position and alignment good. X-ray of left knee did not reveal any evidence of fracture. A -high circular plaster cast from toes to groin was applied to the left leg. This cast was removed September 28, 1951, and a walking cylinder cast applied, which is to support the knee and allow the patient to put a shoe on the foot and walk without bending the knee. This cast was removed October 25, 1951, and plaintiff was told to begin walking with both crutches. The tibial spine, a gristle about the center of the patella or knee cap, was fractured and was not healed and the doctors say it will not heal. Its function is to give stability to the left leg.
Plaintiff was examined December. 28, 1951 by Dr. Willis Taylor, orthopedic surgeon. He testified for defendant. At that time the fracture near the ankle was healed but the tibial spine had not. Dr. Taylor examined only the left leg and could demonstrate no instability, however he agreed that plaintiff could not do such work as directing traffic.
The testimony with reference to the left eye was given by Dr. Kenneth B. Jones *237 for plaintiff and Dr. Louis A. Breffeihl, for defendants. They each found the vitreous opacity and lenticular changes in plaintiff’s eyes, especially the left eye, however, taking all of the testimony of both these doctors, it is highly uncertain that the injury to the left forehead caused or aggravated the trouble plaintiff had. It is more likely the result of his advanced age.
The claim of injury to plaintiff’s heart is not made out. Dr. Wenk on cross examination said that his heart condition so far as irregular beat was better in December, 1951 than it was in July, 1950j though the condition of arteriosclerosis found in July, 1950 had not improved, and will progressively grow worse.
Defendants have . admitted that Mrs. Perot was at fault, and complain only at the amount of the award by the jury. It is contended that plaintiff has no life expectancy at all, having lived already longer than he had any right to expect to live; however, many people live to more than 85 years, and some more than that. It is contended that the award- for loss of wages should be only nine months, which covers the time from the date of injury to the date of trial in the district court, which amounts to $720, and that the jury should not have awarded anything for permanent injury under the award for pain, suffering and permanent injury, having already made an award for loss of wages.
In support of the contention that the award is excessive and should be reduced, a number of cases have been cited from this and other jurisdictions. Cases from our jurisdiction are: Martin v. Toye Bros. Yellow Cab. Co., 162 So. 257, 258; Lindsey v. Gulf Insurance Co., La.App., 7 So.2d 757; Bacas v. Laswell, La.App., 22 So.2d 591; Starnes v. Monsour’s #4, La.App., 30 So.2d 135; Scott v. Claiborne Electric Co-op., La.App., 13 So.2d 524.
The Martin case, supra, was decided in 1935. A colored man 28 years of age was awarded $6,000 for comminuted fracture of the left leg necessitating amputation below the knee.
The Lindsey case, supra, was decided in 1942. The court said an award of $4,375 for compound fracture of le'ft leg involving both tibia and fibula, was not excessive. The writer of this opinion was the trial judge in the Lindsey case, and the reason plaintiff was not awarded more was that the policy of insurance limited liability to $5,000 for .personal injury in any one accident, and two other persons injured in the accident had been paid $625 leaving only $4,375 that could be awarded Lindsey. The other defendant in the Case, Shoemaker, could not respond to any judgment.
The Bacas case, supra, was decided in 1945, and was for assault and battery. Defendant shot plaintiff several times and severely injured him. One of the claims of defendant was his inability to respond to a large judgment. Plaintiff was awarded $3,155 in the district court. The Orleans Court of Appeal said that under ordinary circumstances an award of $10,000 or more would be proper, and after giving due consideration to defendant’s ability to respond, increased the award to $6,000.
The Starnes case, supra, is another assault and battery case, in which the damage was mitigated because oí provocation by the plaintiff, and is therefore no criterion to follow in this case.
The Scott case, supra, was by the widow of a Negro man with life expectancy of over 35 years, whose annual income was $500. Pie was killed instantly by accidental electrocution, and there was no demand for pain and suffering. In our opinion such an award today would be inadequate.
As to the award of $1,000 for hospital and medical expenses, only $781.98 was proven, and that award will have to be reduced by $218.02. We are of the opinion that the awards for the other items of damage are neither excessive nor inadequate.
For'these reasons, the judgment appealed from will be amended so as to award a total of $8,411.98, and as thus amended it is affirmed. Defendants to pay the costs of the lower court and plaintiff to pay the cost of this appeal.